[No. 11061.    Department Two. — May 16, 1888.]

## WILLIAM M. STEWART et al., Respondents, v. ALFRED ROBINSON, Appellant.

ATTORNEY AND CLIENT — CONTINGENT FEE — EVIDENCE OF HAPPENING OF CONTINGENCY. — In an action by an attorney to recover a fee which the defendant had agreed to pay in the event that the Secretary of the Interior should grant a rehearing in a matter which had been previously heard and decided by him, certain evidence, consisting of letters and telegrams from the secretary, *held*, sufficient to show that a rehearing had been granted.

ID. — EVIDENCE OF PRACTICE OF LAND DEPARTMENT. — In such an action evidence is admissible to show that it is the practice of the United States land department to conduct its proceedings by communications.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*William Matthews*, for Appellant.

*William F. Herrin*, for Respondents.

SHARPSTEIN, J.—The parties entered into an agreement in writing, in which, among other things, it was stipulated that the plaintiffs should make a proper application to the Secretary of the Interior to obtain a rehearing of a matter which had been heard and decided adversely to the interest of the defendant by said secretary; and that in the event of such rehearing being granted, the defendant should pay to plaintiffs fifteen hundred dollars.

The plaintiffs brought this action to recover said sum, for which a judgment was entered in their favor against the defendant, who appeals therefrom, and from the order denying his motion for a new trial.

The record states that "it was admitted by the defendant that the plaintiffs had used their best efforts, and with legal skill, to obtain the rehearing mentioned in

the said contract; that proper application was made by the plaintiffs, accompanied with a brief presenting all that could be presented to obtain a rehearing from the Secretary of the Interior, and if said rehearing was in fact granted by the Secretary of the Interior, they were entitled to recover; and it was admitted by plaintiff that unless such rehearing was granted by said secretary, the plaintiffs were not entitled to recover."

The evidence admitted to prove that a rehearing was granted was objected to, and it is upon the exceptions of the defendant to rulings of the court upon said objections that we now have to pass.

To prove that a rehearing was granted, the plaintiffs introduced in evidence two telegrams and a letter from the secretary, notifying the plaintiff Stewart that oral argument would be heard in the case on certain stated days.   Stewart further testified that on the 21st or 22d of October, 1883, he made an oral argument in the case before the secretary, after which he addressed the following communication to the commissioner of the general land-office:—

> "DEPARTMENT OF THE INTERIOR,
> WASHINGTON, Dec. 13, 1883.

"THE COMMISSIONER OF THE GENERAL LAND-OFFICE, —*Sir:* I have considered a motion for review of the decision rendered by me on the fourteenth day of April, 1883, in the matter of the survey of the rancho Santiago de Santa Ana.   Upon the hearing of the motion in October last, the whole case was fully presented and submitted upon oral and written arguments.   I have attentively considered such arguments, and have examined with care my decision of April last, and am of the opinion that I should adhere to such decision.   If I am in error, the parties claiming the disputed territory are not without remedy in the court.   The matter of the survey has been pending many years, and the right of a large number of persons, settlers upon the lands, are involved in the contest.   I

therefore desire you to proceed with the matter, under my former decision, as speedily as possible. The papers submitted upon the motion for review are herewith transmitted.                    Very respectfully,

"H. M. TELLER, Secretary."

The record states that the communication was read in evidence without objection, and it seems to show that a rehearing had been granted, and that the first decision was adhered to.

There was evidence tending to prove that the proceedings of the land department, from the Secretary of the Interior down to the register and receiver, are all conducted by communications, and that all the communications relating to the rehearing of this matter were introduced in evidence on the trial of the case. We think that evidence to prove the practice of the department was properly admitted, and that the evidence admitted justified the finding that a rehearing was granted.

Judgment and order affirmed.

McFARLAND, J., and THORNTON, J., concurred.